# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

GABRIELA MAYRIDES,

   Plaintiff,

              Case No. 2:08-CV-535

DELAWARE COUNTY
COMMISSIONERS, et al.,

   Defendants.

              JUDGE ALGENON L. MARBLEY
              Magistrate Judge Abel

## OPINION AND ORDER

### I. INTRODUCTION

This matter comes before the Court on the Plaintiff, Gabriela Mayrides' ("Mayrides"),

Motion for Reconsideration of this Court's Order Granting Judgment on the Pleadings to all

defendants (Dkt. 45). For the reasons stated below, the Plaintiff's Motion for Reconsideration is

**DENIED**.

### II. BACKGROUND

This Court ruled in its Opinion and Order on the Motion for Judgment on the Pleadings (Dkt.

27) of Defendants Delaware County Board of Commissioners ("Board"), Delaware County, Al

Myers ("Myers"), Al Davis ("Davis"), Nathan Andrew Evans ("Evans"), Deputy Fletcher

("Fletcher"), Sergeant Dore ("Dore"), A. Banfield ("Banfield"), Timothy M. Schambs ("Schambs"),

J. Elverson ("Elverson"), Mark Hickman ("Hickman"), Kari Dotson ("Dotson"), and John or Jane

Doe(s) (collectively, the "Delaware Defendants") that "[e]ven if Mayrides could make out a

constitutional violation . . . such a violation would not involve a right that is clearly established."

*Mayrides v. Delaware County Commissioners*, No. 2:08-CV-535, 2009 U.S. Dist. LEXIS 94880, at
*22 (S.D. Ohio September 24, 2009). Therefore, judgment on the pleadings was appropriate for all
defendants on the grounds of qualified immunity. Specifically, this Court found that case law from
the Sixth Circuit does not establish a clear constitutional violation where the alleged conduct
involved merely the dispatch of police officers and the clearing of a 911 call after investigating a
disturbance. *Id.* at 13 (citing *May v. Franklin County Comm'rs*, 437 F.3d 579, 584, 586 (6th Cir.
2006)).

Mayrides has moved for reconsideration of this Court's Order. Mayrides submits that this
Court misunderstood her Equal Protection claim, incorrectly applied the "clearly established" prong
of the qualified immunity test, and failed to take account of Ohio Revised Code section
2935.03(B)(3)(b).

### III. STANDARD OF REVIEW

The Federal Rules do not expressly provide for "Motions for Reconsideration." *Rodriguez
v. Tennessee Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004). Nevertheless,
Federal Rule of Civil Procedure 59(e) permits parties to move the court to alter or amend a judgment
within 10 days after the entry of the judgment. Motions for reconsideration serve a limited function.
Generally, a motion for reconsideration is only warranted when there is: (1) an intervening change
of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent
manifest injustice. *Dualite Sales & Service, Inc. v. Moran Foods, Inc.*, No. 1:04-CV-13, 2005 WL
2372847, at *1 (S.D. Ohio Sept 26, 2005). Motions for reconsideration are not intended to re-litigate
issues previously considered by the Court or to present evidence that could have been raised earlier.

*See J.P. v. Taft*, No. C2-04-692, 2006 U.S. Dist. LEXIS 14595, 2006 WL 689091, at *13 (S.D. Ohio Mar. 15, 2006).

## IV. LAW AND ANALYSIS

The Mayrides makes three arguments that this Court committed a clear error in ruling on the Delaware Defendants' Motion for Judgment on the Pleadings.

### 1. Classification of the Mayrides's Equal Protection Claim

Mayrides argues that this Court misunderstood her Equal Protection claim as based on the Decedent's treatment as a victim of domestic violence or as a member of a "class of one." Instead, Mayrides maintains that this Court should have considered her Equal Protection claim as one based on gender discrimination. Accordingly, Mayrides argues that this Court applied a lower standard of review than the intermediate scrutiny applicable to claims of gender discrimination. *See Craig v. Boren*, 429 U.S. 190 (1976). Mayrides also argues the Delaware Defendants are not protected by qualified immunity because gender discrimination is well established as a Constitutional violation.

Assuming that Mayrides is correct and this Court did not apply intermediate scrutiny to her claims of gender discrimination, judgment on the pleadings for the Delaware Defendants was appropriate because the right claimed by Mayrides is not clearly established. The Supreme Court has stated that the clearly established prong of the qualified immunity test cannot be met by asserting a "broad general proposition . . . ." *Saucier v. Katz*, 533 U.S. 194, 201 (2001). Instead, the inquiry "must be undertaken in light of the specific context of the case. . . ." *Id.* In *Saucier*, for example, it was not enough that the general proposition that the use of unreasonable force violates the Fourth Amendment had been clearly established. *Id.* Similarly, Mayrides' assertion that it is clearly

established that invidious gender discrimination is a violation of the Fourteenth Amendment is unavailing.

The Mayrides fails to cite even a single case indicating that the application of domestic violence policies implicate the Equal Protection clause. To the contrary, this Court recognizes that our sister court in the Northern District of Ohio has found that "there are no . . . Sixth Circuit or Supreme Court decisions determining that police policies for handling domestic disputes may violate . . . rights to equal protection on the basis of [either] *sex or status as victims of domestic violence.*" *Stevens v. Trumbell County Sheriff's Dept.*, 63 F. Supp. 2d 851, 858 (N.D. Ohio 1999) (emphasis added). In the absence of any authority to the contrary, this Court cannot find that it would be "clear to a reasonable [official] that his conduct was unlawful in the situation" alleged by Mayrides. *Saucier*, 533 U.S. at 202.

### 2. Qualified Immunity and the State Created Danger Doctrine

Mayrides' second argument is that the fact intensive nature of the inquiry undertaken in cases involving the state created danger doctrine makes judgment on the pleadings inappropriate in those cases. Mayrides maintains that fact intensive analysis also necessarily applies to the qualified immunity defense.

If a qualified immunity analysis under the state created danger doctrine required a factual analysis, as Mayrides asserts, judgment on the pleadings would be inappropriate in all such cases. *See Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 553 F.3d 430, 434 (6th Cir. 2008) (A court deciding a motion for judgment on the pleadings must accept all factual allegations as true.). The Supreme Court, however, has stated that a district court may decide the issue of whether the alleged acts would violate clearly established law without deciding whether the

4

"relevant *facts* make out a constitutional question . . . ." *Pearson v. Callahan*, 129 S. Ct. 808, 821 (2009) (emphasis added). In the procedural posture of a motion for judgment on the pleadings, *Pearson* permits the court to make a decision on the qualified immunity defense without reaching the facts.

In the current case, this Court found that the acts alleged by Mayrides do not involve a right that is clearly established. This Court followed *Pearson* in deciding the issue of whether the right was clearly established without resolving any questions of fact. The cases from the Sixth Circuit make it clear that the alleged acts of the defendants were not affirmative acts sufficient to give rise to liability under the state created danger doctrine. *May*, 437 F.3d at 586; *Perry v. Wiles*, No 97-3372, 1998 U.S. App. Lexis 7621, at *10 (6th Cir. Ohio Apr. 15, 1998).

### 3. Ohio's Statutory Preference for Arrest

Mayrides' final argument is that Ohio Revised Code section 2935.03(B)(3)(b) creates a statutory duty for officers responding to a domestic violence call to arrest someone. Mayrides argues that the statutory duty was clearly defined under the Ohio Revised Code and strips the Delaware Defendants of qualified immunity.

As an initial matter, the statute cited by Mayrides does not establish a duty to arrest. Ohio Revised Code section 2935.03(B)(3)(b) provides that:

> "if . . . a peace officer has reasonable grounds to believe that the offense of domestic violence . . . has been committed and reasonable cause to believe that a particular person is guilty of committing the offense, it is the preferred course of action in this state that the officer arrest and detain that person . . . ."

According to the plain language of the statute, section 2935.03 merely states "the preferred course of action." The statute itself does not purport to create a duty to arrest. Mayrides does not supply

a citation to any decision by an Ohio court construing the statute to create a duty to arrest. In fact, this Court notes that the Ohio Court of Appeals for the Eighth District has interpreted the statute to create a mere preference for arrest. *City of Cleveland v. Morales*, No. 81083, 2002 WL 31402003, at *4 (Ohio App. 8 Dist. October 24, 2002) ("The statute simply states that it is the 'preferred course of action to arrest or detain' the guilty party when the officer has reasonable cause to believe that a particular person is guilty."). In addition, the Ohio Attorney General has issued a formal opinion on the effect of the statute, stating that the effect of the statute is to identify circumstances in which arrest is "the preferred course of action." Op. Att'y Gen. 96-014, at 2 (March 12, 1996). Finally, Ohio Revised Code section 2935.032(B)(1)(a) permits local police forces to write domestic violence policies that *do* create a duty to arrest domestic violence suspects. If the statute cited by the Plaintiff, section 2935.03(B)(3)(b) did create a duty to arrest, then section 2935.032(B)(1)(a) would be meaningless. In light of all of the preceding, this Court does not find that the statute creates a duty to arrest.

Even if this Court were to construe Ohio Revised Code section 2935.03(B)(3)(b) to create a statutory duty to arrest, that would be insufficient to create liability on the part of the defendants and would not overcome their qualified immunity. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983 (2000). Thus, the statute is limited to deprivation of *federal* statutory and constitutional rights, and does not cover official conduct that allegedly violates *state* law. *Huron Valley Hosp. Inc. v. City of Pontiac*, 887 F.2d 710, 714 (6th Cir. 1989); *Michael v. Ghee*, 498 F.3d

6

372, 375-76 (6th Cir. 2007) (quoting *Neinast v. Bd. of Trs. of the Columbus Metro. Library*, 346 F.3d 585, 597 (6th Cir. 2003) (internal quotations omitted)). In other words, there could be no section 1983 liability even if the Ohio statute did create a duty to arrest. Nor could that statutory duty overcome the defendants' qualified immunity; no matter how clearly established that duty might be, it would be a statutory right, not a constitutional right. Only violations of clearly established constitutional rights can overcome qualified immunity. *See Saucier*, 533 U.S. at 202.

## V. CONCLUSION

For the foregoing reasons, this Court **DENIES** the Plaintiff's Motion for Reconsideration.

**IT IS SO ORDERED.**

<u>s/Algenon L. Marbley</u>
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT COURT**

**Dated: November 3, 2009**